UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ERICA HENICK,

    Plaintiff,

v.

COMMERCIAL RECOVERY SYSTEMS, INC,

    Defendant.

_____/

CASE NO.

5:12-cv-527-oc-10PRL

FILED 2012 SEP 20 AM 10:52 CLERK, US DISTRICT COURT MIDDLE DISTRICT OF FL OCALA FLORIDA

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, ERICA HENICK ("Plaintiff"), by and through the undersigned attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, COMMERCIAL RECOVERY SYSTEMS, INC, ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1.    Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3.    Because Defendant conducts business in the State of Florida, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL    1

## PARTIES

5. Plaintiff is a natural person who resides in Inverness, Citrus County, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

6. Plaintiff is informed, believes, and thereon alleges, that Defendant is a national company with a business office in Dallas, Texas.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

8. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Defendant is collecting from Plaintiff on an alleged deficiency balance originally owed to a finance company on a personal motor vehicle that had been repossessed.

10. On April 11, 2012, Defendant's collector, Wendy Smith ("Smith"), called Plaintiff at work at a number ending in -4411 and told Plaintiff's supervisor, Lynn Czajkowski ("Czajkowski"), that Defendant had a complaint with the State of Florida against Plaintiff.

11. Defendant also told Czajkowski that Defendant needed to speak with Plaintiff about a wage garnishment.

12. On April 11, 2012, upon being notified of Defendant's call by Czajkowski, Plaintiff called Defendant and spoke to Smith.

13. Smith said Defendant would freeze and seize Plaintiff's assets if she did not pay Defendant.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL 2

14. Plaintiff is informed and believes that Defendant has not initiated any such legal action against Plaintiff in connection with this alleged underlying debt; therefore, Defendant is cannot seize any of Plaintiff's asset's because Defendant does not have a judgment against Plaintiff.

15. Defendant's collectors also left messages for Plaintiff, failing to identity Defendant and failing to disclose that the call was from a debt collector.

16. Instead, Defendant's collector, who identified himself only as Dave Freeman, left a callback number of 214-321-7838 and referred to a complaint filed against Plaintiff. *See* Exhibit A – Transcription of voicemails.

17. Smith also left Plaintiff voice messages which failed to identify Defendant and failed to disclose that the call was from a debt collector. *See* Exhibit A – Transcription of voicemails.

18. Defendant's collectors also stated "you have twenty-four hours, in which to return this call." Defendant's empty threats of imminent harm were designed solely to scare Plaintiff into returning Defendant's calls.

19. In one message Defendant's collectors stated "Ms. Erica Henick, this is Wendy Smith contacting you concerning the legal complaint filed in my office per State of Florida." Defendant is falsely representing and or implying that Defendant is affiliated with the State of Florida.

20. As a result of Defendant's call to Plaintiff's employer, Plaintiff suffered emotional distress, anguish and mental suffering.

21. Because Defendant told Plaintiff's employer that she has a complaint with the State of Florida and referenced wage garnishment, Plaintiff feels embarrassed, humiliated, stressed, aggravation, anguish, anxiety, fear and paranoia. Plaintiff is greatly concerned her job security has been negatively impacted as a result of Defendant's call to Plaintiff's employer

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT
## COLLECTION PRACTICES ACT

22. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a) Defendant violated §1692c(b) of the FDCPA by calling Plaintiff's employer and stating that Defendant had a complaint against Plaintiff with the State of Florida and that Defendant needed to discuss wage garnishment with Plaintiff;

   b) Defendant violated §1692d of the FDCPA by engaging in conduct that harassed, oppressed, or abused Plaintiff in connection with the collection of a debt;

   c) Defendant violated §1692d(6) of the FDCPA by not meaningfully disclosing its identity during its voicemails and phone calls;

   d) Defendant violated §1692e of the FDCPA by misrepresenting that Defendant had a complaint against Plaintiff with the State of Florida;

   e) Defendant violated §1692e of the FDCPA by falsely creating a sense of urgency by requiring Plaintiff to call Defendant back within twenty-four hours;

   f) Defendant violated §1692e(1) of the FDCPA by falsely misrepresenting and implying that the debt collector is affiliated with the State of Florida;

   g) Defendant violated §1692e(4) of the FDCPA by threatening to garnish Plaintiff's wages where Defendant did not intend or was not entitled or authorized to take such action;

   h) Defendant violated §1692e(5) of the FDCPA by threatening to seize and freeze Plaintiff's assets where Defendant was not entitled or authorized to take such action;

i) Defendant violated §1692e(10) by using false representations towards Plaintiff in connection with the collection of a debt; and

j) Defendant violated §1692e(11) of the FDCPA by failing to state that it is a debt collector during its phone calls and voicemails.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

23. Actual damages to compensate Plaintiff for mental anguish, emotional distress, anxiety, depression, humiliation and inconvenience caused by Defendant in an amount to be determined by the trier of fact pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692;* Statutory damages of $1,000.00 pursuant to the FDCPA, 15 U.S.C. 1692k;

24. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k;

25. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By: *Shireen Hormozd*
Shireen Hormozdi
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Phone: (323) 988-2400 ext. 267
Fax:    (866) 802-0021
Attorney for Plaintiff
FBN: 0882461

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ERICA HENICK, hereby demands trial by jury in this action.

# **EXHIBIT A**

March 27, 2012 at 03:35 PM

This message is for Erica Henick. Return this call to the office of Dave Freeman, 214-321-7838 calling in reference to the affidavit of complaints that has been filed against you in my office. I want to speak about it with you or your attorney that is going to represent you in this matter. You have 24 hours, in which to return this call. If I fail to hear from you or your attorney within this given amount of time, we will take your silence as a flat refusal to _____ forward and wish to resolve this on your behalf. Again, my name is Dave Freeman, number is 214-321-7838.

April 02, 2012 at 09:28 AM

Erica Henick, return this call to the office of Dave Freeman, 214-321-7838, need to speak to you or your attorney in reference to claim number 3238556. Need to hear from either you or the attorney within the next 24 hours, 214-321-7838. If I fail to hear from either you or the attorney, we will take your silence as your…

April 11, 2012 at 04:11 PM

Ms. Erica Henick, this is Wendy Smith contacting you concerning the legal complaint filed in my office per State of Florida. It is a legal obligation to return this call if you choose _____ own behalf. I can be reached at 800-214-7838. Reference case number 3238556. Understand this is definitely not the call _____ return this call _____ 11:00 AM tomorrow morning.

April 18, 2012 at 05:27 PM

This is an important call for Erica Henick.  Please have Erica Henick call us back at 800-214-5391 regarding account number 3238556.  Once again, this is an important call for Erica Henick.  Please have Erica Henick call us back at 800-214-5391 regarding account number 3238556.

This message is for Erica Henick.  My name is _____, I am with the office of CRS out of Dallas, TX.  Today the 19th of April, I have _____ affidavit of summons with the county clerk in your State.  If you wish to prevent such you must either contact me directly or have legal counsel call your defense, 1-800-214-5368 refer to reference 3238556.